IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00003-KD-B |
| | * |
| CHARLES BARKLEY, *et al.*, | * |
| | * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

Plaintiff Ronald Satish Emrit ("Emrit"), a serial *pro se* litigant, filed the instant action in this Court.[1] Because Emrit is proceeding *in forma pauperis* (see Doc. 3), the Court has conducted an initial screening review of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons stated below, it is recommended that this action be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

I. **COMPLAINT**

In this lawsuit, Emrit ("an indigent, disabled, and unemployed resident of the state of Florida") sues Defendants Charles Barkley (the "well-known former NBA player"), "d/b/a Subway" (the "well-known fast food chain known for its submarine sandwiches and its infamous former spokesperson 'Jared'") and

---

[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S).

"d/b/a Fanduel" ("which is somehow connected to the sporting world and perhaps ESPN"). (See Doc. 1, generally).

Emrit asserts that "the U.S. District Court of Alabama has subject matter jurisdiction because there is complete diversity" and "the amount in controversy exceeds $75,000 (i.e. $80,000)." (Id. at 3-4). Emrit also implies that "the U.S. District Court of Alabama" has federal-question subject matter jurisdiction. (See id. at 4). Emrit contends that "the U.S. District Court of Alabama also has personal, original, and exclusive jurisdiction because [Charles Barkley] is presumably from Alabama and attended Auburn University either in Mississippi or Alabama." (Id.).

In his statement of facts, Emrit alleges that while "using his Hotmail account," he "frequently sees vertical banner advertisements featuring Charles Barkley for either a sporting goods store, Fanduel, or Subway." (Id.). He also "constantly" sees "advertisements from either Subway, Fanduel, or a sporting goods store featuring Charles Barkley as a spokesperson" while watching cable television in Maryland or in Sarasota, Florida. (Id. at 4-5). Emrit complains that these advertisements and commercials "are annoying and interfere with [his] concentration especially while [he] is using his Hotmail account in the ordinary course of business." (Id. at 5). Emrit "suggest[s]" that because "it is well-known that [he] has litigated against the Central Intelligence Agency (CIA) in Iowa, Maryland, Virginia, West

Virginia, Maryland, Washington, D.C. and Northern Florida," the "CIA utilizes advertisements or Charles Barkley on Subway, FanDuel, and sporting goods to annoy or harass [him]." (Id.).

Based on these allegations, Emrit brings the following claims: Violation of Business Judgment Rule (Count One); Violation of CAN-SPAM Act of 2003 and Consumer Laws Related to Junk Faxes (Count Two); Violation of Regulations Involving Do-Not-Call Registry (Count Three); Public Nuisance (Count Four); Invasion of Privacy Through Intrusion Upon Seclusion (Count Five); Products Liability (Count Six); Breach of Implied Warranty of Merchantability (Count Seven); and Breach of Implied Warranty of Fitness for Particular Purpose (Count Eight). (Id. at 5-9). For relief, he seeks $45 million from the Defendants, along with a "'cease and desist order' in which the three defendants are precluded and/or enjoined from advertising to [him] on Microsoft/Hotmail or Cable TV." (Id. at 9).

## II. STANDARDS OF REVIEW

Section 1915(e)(2)(B) requires a district court to dismiss the complaint of a plaintiff proceeding *in forma pauperis* if the complaint (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The purpose of § 1915(e)(2) is "to discourage the filing of, and waste of judicial and private

3

resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

A case is frivolous under § 1915(e)(2)(B)(i) "when it appears the plaintiff has 'little or no chance of success.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when the complaint's legal theories are "indisputably meritless" or when its factual contentions are "clearly baseless." Neitzke, 490 U.S. at 327. Separate from the court's authority to dismiss for failure to state a claim, the power to dismiss a complaint as frivolous provides courts with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke, 490 U.S. at 327). Thus, under this standard, "wildly implausible allegations in the complaint should not be taken to be true." Id. A court may consider "a litigant's history of bringing unmeritorious litigation" when analyzing the question of frivolousness. Bilal v. Driver, 251 F.3d 1346, 1350 (11th Cir. 2001).

A complaint may be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Dismissals for failure to state a claim under § 1915(e) are governed by the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6). Id. Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This necessarily requires that a plaintiff include factual allegations for each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010). A court must accept a plaintiff's well-pleaded factual allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. Iqbal, 556 U.S. at 678.

The Court is cognizant that it must liberally construe Emrit's *pro se* pleading and hold it to a less stringent standard than formal pleadings drafted by lawyers. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the Court cannot act as counsel for Emrit or rewrite an otherwise deficient pleading in order to sustain this action. See Campbell v. Air Jamaica Ltd., 760 F.3d

5

1165, 1168-69 (11th Cir. 2014). And, as a *pro se* litigant, Emrit is still "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## III. DISCUSSION

As an initial matter, the Court notes that Emrit has received well-earned recognition as serial *pro se* filer of frivolous complaints in federal court.[2] Indeed, the Northern District of Florida recently noted that Emrit is "a vexatious litigant with over 500 cases filed throughout the country." See Emrit v. Special Agent, 2022 U.S. Dist. LEXIS 229679, at *1, 2022 WL 17824014, at *1 (N.D. Fla. Nov. 9, 2022), report and recommendation adopted,

---

[2] See, e.g., Emrit v. Fed. Bureau of Investigation, 2020 U.S. Dist. LEXIS 25331, at *1, 2020 WL 731171, at *1 (S.D. Cal. Feb. 13, 2020) (noting that Emrit "is a serial *pro se* filer of frivolous complaints in federal court against government agencies and officials and large corporations and their executives[, most or all of which] have been dismissed for improper venue or failure to state a claim"); Emrit v. Universal Music Grp., 2019 U.S. Dist. LEXIS 204613, at *3-5, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019) (noting that Emrit "has been acknowledged as a vexatious litigator in at least six district courts" and citing his "ongoing and persistent pattern of abusing the IFP privilege by filing vexatious, harassing, and duplicative lawsuits"), report and recommendation adopted, 2019 U.S. Dist. LEXIS 203465, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019); Emrit v. Simon, 2017 U.S. Dist. LEXIS 193755, at *6-7, 2017 WL 11483901, at *3 (D. Minn. Nov. 14, 2017) (noting Emrit's "extensive history of repetitive, non-meritorious, and often frivolous lawsuits across the United States," and recommending restrictions on Emrit's ability to file new cases in the District of Minnesota), report and recommendation adopted, 2017 U.S. Dist. LEXIS 214491, 2017 WL 11483905 (D. Minn. Dec. 8, 2017).

6

2022 U.S. Dist. LEXIS 228833, 2022 WL 17821575 (N.D. Fla. Dec. 20, 2022).

Moreover, Emrit "has an apparent penchant for filing the same case simultaneously in multiple districts." Emrit v. Devos, 2020 U.S. Dist. LEXIS 60151, at *2, 2020 WL 1669872, at *1 (N.D. Fla. Mar. 4, 2020), report and recommendation adopted, 2020 U.S. Dist. LEXIS 58995, 2020 WL 1668050 (N.D. Fla. Apr. 3, 2020), aff'd sub nom. Emrit v. Sec'y, United States Dep't of Educ., 829 F. App'x 474 (11th Cir. 2020) (per curiam). This case is yet another example of that pattern. To date, Emrit has filed substantively identical complaints against Charles Barkley, Subway, and FanDuel in the following jurisdictions: Emrit v. Barkley, No. 2:23-cv-00019-NAD (N.D. Ala. Jan. 6, 2023); Emrit v. Barkley, No. 2:23-cv-00017-RAH-SMD (M.D. Ala. Jan. 9, 2023); Emrit v. Barkley, No. 2:23-cv-00156-JMY (E.D. Pa. Jan. 9, 2023); Emrit v. Barkley, No. 2:23-cv-00034-WSS (W.D. Pa. Jan. 10, 2023); Emrit v. Barkley, No. 3:23-cv-00079-MCC (M.D. Pa. Jan. 17, 2023).

"It is clearly improper and an abuse of the judicial process to pursue identical claims in multiple jurisdictions." Emrit v. Devos, 2020 U.S. Dist. LEXIS 60151, at *4, 2020 WL 1669872, at *2. Most of Emrit's cases against Charles Barkley, Subway, and FanDuel are at the initial screening stage. The Eastern District of Pennsylvania case was transferred to this Court under the "first-

to-file" rule.[3]  See Emrit v. Barkley, No. 1:23-cv-00027-KD-B (S.D. Ala. 2023).  The Western District of Pennsylvania case was dismissed with prejudice as frivolous and for failure to state a claim pursuant to § 1915(e)(2)(B), and Emrit was warned that the continued filing of meritless complaints in that district would result in filing restrictions.  See Emrit v. Barkley, No. 2:23-cv-00034-WSS (W.D. Pa. Jan. 10, 2023), ECF No. 2.

The undersigned agrees with the Western District of Pennsylvania's conclusion that Emrit's claims are due to be dismissed as frivolous and for failure to state a claim upon which relief may be granted.  As that court aptly noted, "Emrit's entire suit is implausible and borderline delusional.  He cannot file suit just because advertisements and commercials 'annoy him.'"  See id.  Although Emrit's complaint is replete with legal conclusions, nonsensical assertions, and superfluous information that has no bearing on his stated causes of action, it is devoid of either direct or indirect factual "allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  See Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).  Emrit fails to allege sufficient facts to support his stated causes of action, and the Court can discern no potentially valid legal claims arising from

---

[3] See Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941).

8

Emrit's personal annoyance with certain advertisements/commercials or his personal belief that Charles Barkley is a less than ideal celebrity spokesperson. Furthermore, Emrit's suggestion that the CIA uses advertisements featuring Charles Barkley to harass or annoy him is clearly delusional.

In addition to asserting claims that are factually frivolous and legally deficient, Emrit's complaint fails to satisfy the requirement under Federal Rule of Civil Procedure 8 that all complaints set out "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotations omitted). Emrit's complaint violates this basic pleading requirement because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and indiscriminately directs each count against all Defendants without differentiating between the Defendants and their conduct or specifying which Defendants are responsible for the acts or omissions alleged. See Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015).

Even if his claims were not frivolous, Emrit's complaint offers nothing to suggest that venue is proper in the Southern District of Alabama. The propriety of venue is generally governed

9

by 28 U.S.C. § 1391(b), which provides that a civil action may only be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Emrit's complaint lacks any factual basis establishing that venue in this district is proper under any of these subsections. Venue is not proper under § 1391(b)(1) because none of the Defendants are alleged to reside in the Southern District of Alabama. Venue is likewise not proper under § 1391(b)(2) because none of the events or omissions giving rise to Emrit's claims occurred in this district. Given Emrit's claim of residency in Sarasota, Florida, it is possible that venue would properly lie in the Middle District of Florida, but Emrit has been designated a vexatious litigant and is subject to pre-filing screening restrictions in that district. See Emrit v. DeVos, 2020 U.S. Dist. LEXIS 68825, at *9, 2020 WL 9078298, at *4 (M.D. Fla. Apr. 20, 2020). Finally, there is no indication § 1391(b)(3) is applicable.

10

The Court notes that the *only* connection Emrit draws between this lawsuit and "the U.S. District Court of Alabama" is fact that Charles Barkley "is presumably from Alabama and attended Auburn University." (See Doc. 1 at 4). However, this irrelevant historical information is plainly insufficient to show that venue for this action properly lies in the Southern District of Alabama.[4] When venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Emrit's complaint is facially frivolous, fails to state a claim for relief, and is an abuse of the judicial process, it is recommended that this action be dismissed rather than transferred.[5]

Dismissal of a case with prejudice under § 1915(e)(2) is "an extreme sanction to be exercised only in appropriate cases." Camp v. Oliver, 798 F.2d 434, 438 (11th Cir. 1986). However, "[a] finding that the plaintiff engaged in bad faith litigiousness or

---

[4] Although it is not relevant to the venue analysis in this case, the Court notes that Auburn University is located in the Middle District of Alabama. See 28 U.S.C. § 81(b)(3).

[5] The undersigned recognizes that a district court may not dismiss an action for improper venue without giving the parties an opportunity to present their views on the issue. See Lipofsky v. N.Y. State Workers Comp. Bd., 861 F.2d 1257, 1258 (11th Cir. 1988). Emrit is therefore **informed** that he has the opportunity to be heard on the issue of venue by timely filing an objection to this report and recommendation.

manipulative tactics warrants dismissal." Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam). Likewise, a district court need not allow an amendment "where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).

Given Emrit's extensive track record of frivolous, duplicative, bad faith, and vexatious filings, the frivolous nature of his claims in this case, the lack of any basis to conclude that he could state a viable cause of action against Defendants in an amended complaint, and the lack of any relevant connection between his claims and the Southern District of Alabama, the undersigned submits that he should not be granted leave to amend his complaint. See Emrit v. Sec'y, United States Dep't of Educ., 829 F. App'x at 477-78 (affirming the dismissal with prejudice of Emrit's complaint under § 1915(e)(2)(B)(i) when his claims were frivolous, venue was improper, and he filed the case simultaneously in multiple districts, thus abusing the judicial process).

As a final matter, the undersigned notes that this Court "and other federal courts are funded by the taxpayers of this country to adjudicate genuine disputes, not to function as playgrounds for would-be lawyers or provide an emotional release for frustrated litigants." Constant v. United States, 929 F.2d 654, 659 (Fed. Cir. 1991). Emrit has repeatedly maliciously abused the judicial process through his relentless filing of meritless, frivolous, and

often duplicative lawsuits in courts across the country. As a result of his vexatious conduct, Emrit has been prohibited from filing lawsuits without leave of court in several other federal district courts, including his district of residence.[6] Despite having been repeatedly warned about his conduct, Emrit continues to file frivolous lawsuits, and to replicate those frivolous filings in multiple federal district courts.

A district court has the power to protect its jurisdiction by enjoining parties from filing actions in judicial forums and otherwise restricting their filings, as long as the injunction does not completely foreclose the litigant from any access to the courts. Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1295 n.15, 1298 (11th Cir. 2002). Given Emrit's long track record of filing meritless, frivolous, harassing, and duplicative lawsuits, combined his recent spurt of frivolous litigation in this[7] and other courts, Emrit is hereby **cautioned** that he is coming perilously close to being deemed a vexatious litigant in the Southern District of Alabama. Indeed, any further frivolous filings by Emrit in this Court will result in a recommendation that he be deemed a vexatious litigant in this district and

---

[6] It appears that Emrit is attempting to circumvent those restrictions by filing lawsuits in districts with no connection to Emrit or his claims, including this one.

[7] See Emrit v. Rice, No. 1:23-cv-00002-KD-B (S.D. Ala. Jan. 3, 2023).

prohibited from filing any new documents without first obtaining the Court's prior written approval.[8]

## IV. CONCLUSION

For the foregoing reasons, it is recommended that this action be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), because Emrit's complaint is frivolous and malicious and fails to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

---

[8] Such a restriction would not preclude Emrit from pursuing meritorious claims for relief, which in any event are unlikely to arise from transactions or occurrences in Alabama, since Emrit has no apparent connection to this state.

14

informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **3rd** day of **February, 2023.**

                                         **/S/ SONJA F. BIVINS**
                                  **UNITED STATES MAGISTRATE JUDGE**